UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEGGY BOYNTON,                                  No. 2:11-cv-00623 MCE-EFB

      Plaintiff,

  v.                                            **ORDER**

FEDERAL CORRECTION INSTITUTION DUBLIN,

      Defendant.

----oo0oo----

Plaintiff Peggy Boynton ("Plaintiff") filed a Temporary Restraining Order, and a virtually identical document entitled "Damage to Property" that purportedly serves as the Complaint. Plaintiff is requesting the Court prevent her former employer Defendant Federal Correction Institution Dublin from moving her mobile home until it is properly tested for mold (ECF No. 1).

The purpose of a temporary restraining order is to preserve the status quo, pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction.

///

1 See Dunn v. Cate, 2010 WL 1558562 at *1 (E.D. Cal. 2010) ("A
2 temporary restraining order is designed to preserve the status quo
3 until there is an opportunity to hold a hearing on the application
4 for a preliminary injunction."). Issuance of a temporary
5 restraining order, as a form of preliminary injunctive relief, is
6 an extraordinary remedy where plaintiffs have the burden of proving
7 the propriety of such a remedy by clear and convincing evidence.
8 See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose
9 Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974). In general,
10 the evidentiary standard to obtain a temporary restraining order
11 and a preliminary injunction is the same. Stuhlbarg Int'l Sales
12 Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th
13 Cir. 2001).
14      A party requesting preliminary injunctive relief must show
15 that "'he is likely to succeed on the merits, that he is likely to
16 suffer irreparable harm in the absence of preliminary relief, that
17 the balance of equities tips in his favor, and that an injunction
18 is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d
19 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def.
20 Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008)).
21      Alternatively, under the so-called sliding scale approach, as
22 long as the plaintiffs demonstrate the requisite likelihood of
23 irreparable harm and show that an injunction is in the public
24 interest, a preliminary injunction can still issue so long as
25 serious questions going to the merits are raised and the balance of
26 hardships tips sharply in plaintiffs' favor.
27 ///
28 ///

Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-53 (9th Cir. 2010) (finding that sliding scale test for issuance of preliminary injunctive relief remains viable even after Winter). Ultimately, the propriety of a temporary restraining order in particular, hinges on a significant threat of irreparable injury. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999). A plaintiff's injury must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

As stated above, Plaintiff requests relief to prevent her mobile home from being moved by her former employer. However, that is the entire extent of information available to the Court; Plaintiff has filed no other records, or provided the Court with any additional information regarding the circumstances surrounding her request.[1] Due to the dearth of substantive information, the Court cannot evaluate the merits of Plaintiff's plea for a temporary restraining order under the appropriate standards. See supra. Accordingly, Plaintiff's request for relief is DENIED without prejudice.

IT IS SO ORDERED.

DATE:  March 8, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] For example, Plaintiff states Defendant seeks to move "her" mobile home.  (ECF No. 1.)  However, no documents or facts are provided which would indicate that it is her residence, or that she has legal ownership of the mobile home.