UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEGGY BOYNTON,                              No. 2:11-cv-00623 MCE-EFB

      Plaintiff,

  v.                                        **ORDER**

FEDERAL CORRECTION INSTITUTION DUBLIN,

      Defendant.

----oo0oo----

The Court is in receipt of Plaintiff Peggy Boynton's ("Plaintiff") Response to the Court's decision to deny her request for a Temporary Restraining Order ("TRO") (ECF No. 7). Plaintiff's response is essentially a Motion for Reconsideration of the Court's decision, as she renews her concerns regarding her mobile home, the mold inside it, and the danger to evaluation and assessment were her mobile home to be moved from its current location on Defendant Federal Correction Institution Dublin's ("Defendant") property. Therefore, the Court will construe Plaintiff's response as a Motion for Reconsideration.

///

  Reconsideration may be appropriate where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law.  See Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citations omitted). Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j)(3)-(4).

  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  Ayala v. KC Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in original) (internal citations omitted).  Reconsideration requests are addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d at 1063.  Therefore, mere dissatisfaction with the court's order is insufficient.

  In the instant case, Plaintiff's submitted materials shed no additional light on her request for a TRO.  Nothing in the materials constitutes newly discovered evidence, or persuades the Court that its original decision was manifestly unjust. Plaintiff's information simply does not rise to the level of evidence required to reverse the Court's decision.  Therefore, Plaintiff's Motion for Reconsideration (ECF No. 7) is denied.

1    While Plaintiff's originally filed complaint is nearly
2 identical to her request for a TRO, the Court construes her request
3 for relief as a proper complaint.  As such, Plaintiff is required
4 to follow the Local Rules regarding service of process, and other
5 procedural matters.
6    IT IS SO ORDERED.
7 Dated: April 6, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE