IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEGGY BOYNTON,

            Plaintiff,

    vs.

FEDERAL CORRECTION INSTITUTION DUBLIN,

            Defendant.
_____/

No. 2:11-cv-623-MCE-EFB PS

ORDER

        This case, in which plaintiff is once again proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1); *see also* Dckt. No. 29 (granting plaintiff's counsel Ronald W. Carter's motion to withdraw). On February 28, 2013, defendant's counsel filed a request for a status conference indicating that in October 2012, plaintiff, through her then attorney Carter, and defendant consented to the Voluntary Dispute Resolution Program ("VDRP"),[1] Dckt. No. 22; that on November 7, 2012, a VDRP neutral was appointed, Dckt. No. 24; and that now that plaintiff is proceeding *pro se*, defense counsel's attempts to communicate with her to move forward with the VDRP process

---

[1] As a result, the court referred the case to VDRP, ordered that the VDRP process be completed within 60 days of the selected Neutral's notification of his or her willingness to serve as Neutral for the action, and stayed the pretrial schedule issued in the action until the VDRP session is concluded. Dckt. No. 23.

1

and schedule a mediation have been unsuccessful.  Dckt. No. 32.  Therefore, defendant "requests that a status conference be ordered to determine whether VDRP is still viable or to reset pretrial schedule dates so that the case can proceed forward."  *Id.* at 2.

In light of defendant's filing, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer in person or via telephone on or before March 20, 2013 to discuss whether all parties still consent to VDRP and, if so, to schedule a mediation.  If one or both of the parties no longer consents to VDRP, the parties shall discuss whether any modifications should be made to the court's March 27, 2012 pretrial scheduling order, Dckt. No. 21.

2. Also on or before March 20, 2013, the parties shall file a joint status report[2] indicating:

    a. Whether the parties continue to consent to VDRP;

    b. If the parties continue to consent to VDRP, when a mediation will be conducted;

    c. If one or both parties withdraws its consent to VDRP, what modifications, if any, should be made to the court's March 27, 2012 pretrial scheduling order; and

    d. Any other outstanding issues that must be resolved by the court.

3. All parties are admonished that a failure to comply with this order may result in the imposition of sanctions, including dismissal of the action for failure to prosecute and/or for failure to comply with this court's orders and local rules.

SO ORDERED.

Dated: March 4, 2013.

*[signature: Edmund F. Brennan]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] If the parties are unable to file a joint status report, each party shall file a status report addressing the matters set forth herein and explaining why a joint status report could not be filed.