IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEGGY BOYNTON,

        Plaintiff,                No. 2:11-cv-623-MCE-EFB PS

    vs.

FEDERAL CORRECTION INSTITUTION
DUBLIN,                                    <u>ORDER</u>

        Defendant.
_____/

        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1); Dckt. No. 29. On February 28, 2013, defendant's counsel filed a request for a status conference indicating that in October 2012, plaintiff, through her then attorney, and defendant consented to the Voluntary Dispute Resolution Program ("VDRP"),[1] Dckt. No. 22; that on November 7, 2012, a VDRP neutral was appointed, Dckt. No. 24; and that now that plaintiff is proceeding *pro se*, defense counsel's attempts to communicate with her to move forward with the VDRP process and schedule a mediation have been unsuccessful. Dckt. No. 32. Therefore, defendant "request[ed]

---

[1] As a result, the court referred the case to VDRP, ordered that the VDRP process be completed within 60 days of the selected Neutral's notification of his or her willingness to serve as Neutral for the action, and stayed the pretrial schedule issued in the action until the VDRP session is concluded. Dckt. No. 23.

1

that a status conference be ordered to determine whether VDRP is still viable or to reset pretrial schedule dates so that the case can proceed forward." *Id.* at 2.

In light of defendant's filing, on March 5, 2013, the undersigned issued an order directing the parties to meet and confer in person or via telephone on or before March 20, 2013 to discuss whether all parties still consent to VDRP and, if so, to schedule a mediation. Dckt. No. 33. The order added that if one or both of the parties no longer consents to VDRP, the parties shall discuss whether any modifications should be made to the court's March 27, 2012 pretrial scheduling order, Dckt. No. 21. *Id.* The parties were further ordered to file a joint status report indicating: (a) Whether the parties continue to consent to VDRP; (b) If the parties continue to consent to VDRP, when a mediation will be conducted; (c) If one or both parties withdraws its consent to VDRP, what modifications, if any, should be made to the court's March 27, 2012 pretrial scheduling order; and (d) Any other outstanding issues that must be resolved by the court. The parties filed a joint status report on March 20, 2013 in compliance with the court's March 5 order. Dckt. No. 34. In the status report, plaintiff indicated that she "would like to go forward with VDRP but with counsel at a reset date." *Id.* at 2. She states that she is "seeking counsel with the greatest urgency and concern" and does "want to comply with the Court's Order and move forward if possible." *Id.* Defendant states that it "also wants to go forward with VDRP but needs it to go forward in an expeditious manner. Defendant suggests the court put a reasonable time limit on plaintiff to retain counsel or otherwise proceed forward in *pro se*." *Id.* With regard to the timing of any mediation, plaintiff requests that the court give her "a reasonable amount of time to obtain counsel," while defendant states that it "can be ready to proceed with two weeks' notice." *Id.* Defendant adds that if the court concludes that VDRP should be terminated, the scheduling order will need to be modified since a significant number of dates set forth in the March 27, 2012 pretrial scheduling order passed while the pretrial schedule was stayed during the VDRP process. *Id.* at 2-3.

////

Because both parties continue to consent to VDRP, the referral to VDRP will not be terminated. Plaintiff will be provided 60 days within which to obtain counsel or prepare to proceed with VDRP and this case *pro se*.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has until May 20, 2013 to obtain counsel or prepare to proceed with VDRP and this case *pro se*.

2. On or before May 27, 2013, the parties shall meet and confer in person or via telephone to schedule a mediation. The mediation shall be conducted on or before June 28, 2013.

3. The pretrial schedule, including the disclosure of experts and discovery cutoff, remains stayed until the VDRP session is concluded.

4. No later than fourteen (14) days after the VDRP session has been concluded, the parties must, pursuant to Local Rule 271(o)(1), jointly file the Parties' Joint VDRP Completion Report in which they report the following:

>   (A) Whether the action in its entirety was resolved or settled during the VDRP session, and if so, when a request for dismissal will be filed;
>
>   (B) If the action in its entirety was not resolved or settled, whether any resolution, stipulation, or agreement was reached on any part of the action, including but not limited to any stipulation or agreement regarding facts, issues, procedures, or claims;
>
>   (C) The current status of the action, including an update as to what modifications, if any, should be made to the March 27, 2012 pretrial scheduling order; and

////

////

////

(D) Any other outstanding issues that must be resolved by the court.

SO ORDERED.

Dated: March 25, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE