IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BOYNTON, | No. 2:11-cv-623-MCE-EFB PS |
| Plaintiff, | |
| vs. | |
| FEDERAL CORRECTION INSTITUTION DUBLIN, | ORDER |
| Defendant. | |

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1); Dckt. No. 29. On March 25, 2013, the court issued an order confirming that this action would proceed to the court's Voluntary Dispute Resolution Program ("VDRP"). Dckt. No. 35. Among other things, the order provided that plaintiff has until May 20, 2013 to obtain counsel or prepare to proceed with VDRP and this case pro se, and that on or before May 27, 2013, the parties shall meet and confer in person or via telephone to schedule a mediation, which shall be conducted on or before June 28, 2013. *Id.* at 2.

On April 26, 2013, plaintiff filed a letter informing the court that she has "feverishly been seeking an attorney to represent" her in this case. Dckt. No. 36. Plaintiff indicates that she has spoken to 15 different lawyers, none of whom has been able to accept her case, but "will

1

continue to seek out an attorney." *Id.* Plaintiff then asks the following question: "Is there anything the court can do so far as attorney representation, we would appreciate any consideration and/or input to our situation?" *Id.* To the extent that this filing is requesting that the court appoint her counsel, the request must be denied.[1] Although the court appreciates the efforts plaintiff has made and continues to make to obtain counsel, there is not basis for appointment of counsel in this case. "The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances" and "[i]n considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). Here, in addition to the fact that plaintiff has not requested to proceed *in forma pauperis* and has not established that she meets the standard for obtaining *in forma pauperis* status, plaintiff has not established that her likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, to the extent plaintiff is requesting appointment of counsel, that request is denied.

Moreover, although plaintiff does not appear to be requesting additional time to obtain counsel, the court notes that plaintiff was given until May 20, 2013 to obtain counsel or prepare to proceed with VDRP and this case pro se. Therefore, because plaintiff's time to obtain counsel has not yet expired, plaintiff is free to continue her attempts to obtain counsel. Plaintiff may also represent herself in the in any settlement conference as part of the VDRP process. Accordingly, if plaintiff is unable to obtain counsel by May 20, 2013, plaintiff can either proceed pro se or, if

---

[1] Nor is it appropriate for the court to refer plaintiff to any specific attorney, although plaintiff may consult attorney referral services, if any, of the California State Bar, or the Sacramento County Bar Association.

plaintiff believes that additional time to obtain counsel would be productive, plaintiff may request an extension of the May 20, 2013 deadline for obtaining counsel.

SO ORDERED.

Dated: May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE