IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEGGY BOYNTON,

   Plaintiff,

  vs.

FEDERAL CORRECTION INSTITUTION DUBLIN,

   Defendant.
_____/

No. 2:11-cv-623-MCE-EFB PS

<u>ORDER</u>

  This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1); Dckt. No. 29. On March 25, 2013, the court issued an order confirming that this action would proceed to the court's Voluntary Dispute Resolution Program ("VDRP"). Dckt. No. 35. Among other things, the order provided that plaintiff had until May 20, 2013 to obtain counsel or prepare to proceed with VDRP and this case pro se, and that on or before May 27, 2013, the parties shall meet and confer in person or via telephone to schedule a mediation, which shall be conducted on or before June 28, 2013. *Id.* at 2.

  On April 26, 2013, plaintiff filed a letter informing the court that she had "feverishly been seeking an attorney to represent" her in this case. Dckt. No. 36. In light of that filing, on May 14, 2013, the court issued an order noting that while it was unclear precisely what, if

1

anything, plaintiff was requesting from the court, to the extent plaintiff was requesting that the court appoint her counsel, unfortunately that request had to be denied. Dckt. No. 37. The order stated:

> Although the court appreciates the efforts plaintiff has made and continues to make to obtain counsel, this court does not have authority to grant her pro bono counsel. "The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances" and "[i]n considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). Here, in addition to the fact that plaintiff has not requested to proceed *in forma pauperis* and has not established that she meets the standard for obtaining *in forma pauperis* status, plaintiff has not established that her likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, to the extent plaintiff is requesting appointment of counsel, that request is denied.
>
> Moreover, although plaintiff does not appear to be requesting additional time to obtain counsel, the court notes that plaintiff was given until May 20, 2013 to obtain counsel or prepare to proceed with VDRP and this case pro se. Therefore, because plaintiff's time to obtain counsel has not yet expired, plaintiff is free to continue her attempts to obtain counsel. And, if plaintiff is unable to obtain counsel by May 20, 2013, plaintiff can either prepare to proceed pro se or, if plaintiff thinks additional time to obtain counsel would be productive, plaintiff may request an extension of the May 20, 2013 deadline for obtaining counsel.

Then, on May 17, 2013, plaintiff filed a further request for appointment of counsel. Dckt. No. 39. Plaintiff requests that the court's pro bono coordinator "be allowed to refer [plaintiff] a lawyer" because, despite plaintiff's significant efforts to obtain a lawyer, plaintiff was unable to locate a lawyer who would accept her case, and plaintiff does not "want to go into mediation and/or court without representation." *Id.* Plaintiff adds that she is "eagerly ready to settle this case."[1] *Id.*

---

[1] Plaintiff's case has been included in the court's VDRP program which will provide a neutral mediator that will work with both parties in an effort to settle the case. Much of plaintiff's concerns regarding the settlement process may be alleviated by the participation of the neutral mediator. Additionally, if the case does not settle in the VDRP program, they are free to request an early settlement conference before a magistrate judge. Alternatively, if the parties prefer to proceed

As plaintiff was previously informed, unfortunately this court does not have authority to grant her pro bono counsel based on the current record. In addition to the fact that plaintiff is not proceeding *in forma pauperis* in this action, plaintiff still has not established that her likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, plaintiff's request for appointment of counsel must once again be denied.

However, on May 20, 2013, plaintiff filed a request for an additional two months to continue her search for an attorney. Dckt. No. 40. In light of plaintiff's diligent efforts to obtain counsel, plaintiff's request for an extension of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, Dckt. No. 39, is denied.

2. Plaintiff's request for an extension of time to continue her search for an attorney, Dckt. No. 40, is granted.

3. Plaintiff has until July 22, 2013 to obtain counsel or prepare to proceed with VDRP and this case pro se.

4. On or before July 29, 2013, the parties shall meet and confer in person or via telephone to schedule a mediation. The mediation shall be conducted on or before August 30, 2013.

5. The pretrial schedule, including the disclosure of experts and discovery cutoff, remains stayed until the VDRP session is concluded.

6. No later than fourteen (14) days after the VDRP session has been concluded, the parties must, pursuant to Local Rule 271(o)(1), jointly file the Parties' Joint VDRP Completion Report in which they report the following:

////

---

directly to a court supervised settlement conference before a magistrate judge, they may contact the undersigned's courtroom deputy to request one.

1   (A) Whether the action in its entirety was resolved or settled during the VDRP
2   session, and if so, when a request for dismissal will be filed;
3   (B) If the action in its entirety was not resolved or settled, whether any resolution,
4   stipulation, or agreement was reached on any part of the action, including but not
5   limited to any stipulation or agreement regarding facts, issues, procedures, or
6   claims;
7   (C) The current status of the action, including an update as to what modifications,
8   if any, should be made to the March 27, 2012 pretrial scheduling order; and
9   (D) Any other outstanding issues that must be resolved by the court.

10   SO ORDERED.

11   Dated:  May 23, 2013.

12   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

4