1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10              FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12   PEGGY BOYNTON,                      No.  2:11-cv-0623-MCE-EFB
13            Plaintiff,
14        v.                             ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
15   UNITED STATES OF AMERICA,
16            Defendant.
17   _____
18   AND RELATED COUNTERCLAIM.
19
20        This case was before the court on May 27, 2015, for hearing on the United States'
21   application for entry of default judgment against plaintiff and counter-defendant Peggy Boynton
22   ("plaintiff" or "Ms. Boynton").  ECF No. 73.  Attorney Mark Gallagher appeared on behalf of
23   plaintiff; Assistant United States Attorney Bobbie Montoya appeared on behalf of the United
24   States.
25        In violation of Local Rule 230, plaintiff, who is represented by counsel, filed nothing in
26   response to the motion.  Instead, Ms. Boynton, herself, submitted a letter requesting appointment
27   of counsel and complaining about her current attorney of record and her former attorney, Ronald
28   W. Carter.  ECF No. 84.  In light of that letter and the failure of plaintiff's counsel to file any

                                        1

1  response to the motion, Attorney Mark Gallagher was ordered to appear at the hearing to show

2  cause why he should not be sanctioned for violation of Local Rule 230(c).

3         At the hearing, the court observed that the United States failed to address in its motion

4  whether entry of default judgment was appropriate under the factors articulated in *Eitel v.*

5  *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), and further failed to address whether entry of a

6  judgment was appropriate under Federal Rule of Civil Procedure 54(b).  Accordingly, the parties

7  were ordered to submit supplemental briefs addressing these issues.

8         Supplemental briefing has been submitted.  ECF Nos. 89, 90.  Having considered the

9  parties' pleadings and the arguments made at the hearing, the court discharges the Order to Show

10  Cause and recommends that the United States' motion for default judgment be denied.

11  I.      Background

12         Plaintiff, proceeding pro se, filed this action on March 7, 2011.  ECF No. 1.  She

13  subsequently retained attorney Ronald Carter who entered an appearance as counsel of record and

14  filed an amended complaint.  ECF Nos. 9, 14.  The amended complaint alleged that plaintiff's

15  mobile home, which was located at the Federal Correctional Institution at Dublin, was damaged

16  due to the government's failure to properly maintain a storm drain.  ECF No. 14 at 2.

17         The United States filed an answer and a counterclaim for ejectment and damages for

18  wrongful detention.  ECF No. 16.  Plaintiff failed to file an answer (or other responsive pleading)

19  to the counterclaim.  On February 7, 2012, the Clerk entered her default as to the counterclaim.

20  ECF No. 19.  Although attorney Ronald Carter signed a Joint Status Report stating that "To date,

21  plaintiff has not filed an answer to the counterclaim nor requested an extension therefor" (ECF

22  No. 20 at 2) rather than taking action to cure the default, Carter filed a motion to withdraw as

23  counsel.  ECF No. 26.  His motion included a declaration asserting that "plaintiff notified Carter

24  that she no longer wanted him to represent her."  *Id.* at 7 (¶ 4).  Ultimately, Carter was permitted

25  to withdraw from the case, but plaintiff remained in default.

26         After plaintiff was granted numerous requests for additional time for plaintiff to obtain

27  new counsel, attorney Mark Gallagher substituted in as counsel for plaintiff.  ECF Nos. 48, 52.

28  /////

2

1    However, Gallagher, too, has failed to file any motion in regards to the clerk's entry of default or

2    otherwise address the government's counterclaim.

3         Nonetheless, on July 30, 2014, the United States filed a notice of settlement of the case.

4    ECF No. 56.  The parties were ordered to file dispositional documents on or before October 14,

5    2014.  ECF No. 57.[1]  After receiving two extensions to file dispositional documents, the

6    government filed a notice indicating that it was unable to contact plaintiff's counsel regarding the

7    settlement documents.  ECF No. 63.

8         In light of the government's representations, the court ordered plaintiff to show cause why

9    the case should not be dismissed for failure to comply with the court's local rules, court orders,

10   and/or failure to prosecute the action.  ECF No. 65; *see* Fed. R. Civ. P. 41(b).  Mr. Gallagher filed

11   a response, indicating that he had not had contact with his client in more than six months.  ECF

12   No. 67.  The government also responded to the order to show cause, stating that it had no

13   objection to plaintiff's claims being dismissed, but arguing that dismissal of its counterclaim

14   would be inappropriate.  ECF No. 68.  Plaintiff also personally filed several letters with the court,

15   indicating that she had in fact been in contact with Mr. Gallagher and that he was not being

16   truthful.  ECF No. 75.  She also complained that his performance as her attorney was deficient.

17   ECF Nos. 66, 67.  Despite the fact that Mr. Gallagher remains her attorney of record, plaintiff

18   filed a motion for appointment of counsel.  ECF No. 74.

19        On March 24, 2015, the government filed the instant motion for default judgment and

20   noticed it for hearing on April 22, 2015.  ECF No. 73.  Rather than taking action to cure or

21   otherwise address the default, on April 6, 2015, Gallagher moved to withdraw as plaintiff's

22   attorney.  ECF No. 76.  Gallagher's motion was denied without prejudice in an order which

23   admonished that it would be unethical for Gallagher to withdraw in light of the pending motion

24   for default judgment.  ECF No. 80.  Specifically, the order stated that Gallagher's ethical

25   obligation to not withdraw during a critical point in the case was "directly implicated here where

26

27        [1] This order admonished the parties that "Failure to comply with this order may be
     grounds for the imposition of sanctions on any and all counsel as well as any party or parties who
28   cause non-compliance with this order."  *Id.*

not only did Counsel fail to file any opposition to Defendant's Motion for Default Judgement on Plaintiff's behalf, but, just two days before the opposition was due, he instead requested to withdraw." *Id*. at 4-5.

In light of the motion to withdraw just prior to the hearing on the government's motion for default judgment, the court continued the hearing on the latter motion to May 27, 2015. ECF No. 79. That continuance effectively provided Mr. Gallagher yet another opportunity to file, on his client's behalf, an opposition to the motion for default judgment. *See* L.R. 230(c) (requiring an opposition to the granting of a motion to be filed not less than fourteen days before the hearing date). Nonetheless, and in spite of the court's prior admonition as to his ethical obligation not to abandon his client at this critical state in the proceedings, Gallagher failed to file a response to the government's motion.

Accordingly, Gallagher was ordered to appear at the May 27, 2015 hearing to show cause why he should not be sanctioned for violation of Local Rule 230. ECF No. 85.

II.     Order to Show Cause

Gallagher appeared at the May 27, 2015 hearing and provided the curious explanation that he filed nothing in response to the motion because he believed that there was no basis for opposing the motion for entry of default judgment given that his client's default was entered in 2012, prior to his involvement in this case. Hearing Tr. (ECF No. 91) at 3. Counsel also acknowledged that he should have filed a response with the court and apologized for failing to do so. *Id*. at 4.

Mr. Gallagher further indicated that he has been working pro bono on this case, and that he will continue to represent plaintiff in this action and do everything "necessary to protect the client's interest going forward . . . ." *Id*. at 5. Although Mr. Gallagher provided no information that could justify his failure to comply with Local Rule 230(c), in light of his representations the court reluctantly discharges the order to show cause and does not impose sanctions.

/////

/////

/////

4

III.    Motion for Default Judgment

    A.    The United States' Counterclaim

According to its counterclaim, the United States is the owner of, and entitled to possession, of 6700 Goodfellow Avenue, Mobile Home Space Number 1 of the Federal Correctional Institution ("FCI") Dublin staff housing ("Space No. 1") located on certain real property situated in Alameda and Contra Costa Counties, California.  ECF No. 16 at 5.  Plaintiff is now in possession of Space No. 1, and has been in possession of the property since September 1995.  *Id*. at 6.  At the time plaintiff gained possession she was an employee of the Bureau of Prisons ("BOP") at FCI Dublin.  *Id*.

Plaintiff applied for and was approved for housing at FCI Dublin's mobile park in accordance with BOP Program Statement 4220.02 Mobile Home Sites, Staff Housing and with Institution Supplemental DUB 4220.02(H) §§ 2(D) and 8(F).  Institution Supplement DUB 4220.02(H)(2)(D)(1) provides that "[t]he privilege to occupy a mobile home site terminates with the transfer of the BOP . . . employee from FCI Dublin or the Western Regional Office, or retirement, resignation, or termination from the BOP."  *Id*. at 6-7.

On September 16, 2010, plaintiff was given a formal notice of termination of occupancy, terminating her privilege to maintain her mobile home at FCI Dublin due to retirement from the BOP.  *Id*. at 7.  The notice gave plaintiff 90 days to sell her mobile home or remove it from FCI Dublin grounds.  *Id*. at 7.  Plaintiff took no action.  Accordingly, on January 12, 2011, the BOP sent her a notice informing her that if she failed to vacate by March 12, 2011, the BOP would initiate steps to have the mobile home transported off FCI Dublin grounds at her expense.  *Id*.

On March 4, 2011, plaintiff requested 90 additional days to sell or remove her home.  *Id*.  The request was granted on April 5, 2011, and plaintiff was given until July 5, 2011 to vacate the space.  *Id*.  Plaintiff, however, still has possession of Space No. 1 and has failed to remove or sell the mobile home in accordance with BOP policy.  *Id*.

The reasonable value of the rents and profits of the premises is, and was, $225.50 bi-weekly.  *Id*.  The government now seeks an order for restitution of the premises to the United States of America; damages for plaintiff's unlawful possession at $222.50 bi-weekly from July 5,

1    2011, until delivery of possession; damages for reasonable costs of repair or restoration of the

2    property; costs of recovering possession of the premises; and costs of this suit.  *Id*. at 8.

3         B.     Legal standards

4         Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

5    against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

6    against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

7    automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

8    238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

9    (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

10   within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

11   1980).  In making this determination, the court considers the following factors:

12       (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive
13       claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5)
         the possibility of a dispute concerning the material facts, (6) whether the default was due
14       to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
         Procedure favoring decisions on the merits.
15

16   *Eitel*, 782 F.2d at 1471-72.  "In applying this discretionary standard, default judgments are

17   more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219

18   F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431,

19   432 (C.D. Cal. 1999)).  As a general rule, once default is entered, the factual allegations of the

20   complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems,*

21   *Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although

22   well-pleaded allegations in the complaint are admitted by defendant's failure to respond,

23   "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

24   established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

25       C.     Discussion

26            1.     Appropriateness of the entry of default judgment under the *Eitel* Factors

27       As detailed below, entry of a default judgment is not appropriate under the *Eitel* factors.

28   /////

1   Although some factors weigh in the government's favor, the sixth and seventh factors weigh

2   heavily against the motion and, on balance, the *Eitel* factors weigh against entry of default

3   judgment.

4         As for the second and third factors, the United States sufficiently alleges a claim for

5   ejectment and wrongful detention of Space No. 1 by Ms. Boynton.  The counterclaim alleges that

6   when plaintiff was employed at FCI Dublin, she applied and was approved for staff housing at

7   FCI Dublin's mobile home park in accordance with BOP Program Statement 4220.02, Mobile

8   Home Sites, Staff Housing, and Institution Supplement DUB 4220.02(H) §§ 2(D) and 8(F).

9   Def.'s Counterclaim (ECF No. 16) ¶ 5.  Institution Supplement DUB 422.02(H)(2)(D)(1)

10  provides that "[t]he privilege to occupy a mobile home site terminates with the transfer of the

11  BOP . . . employee from FCI or the West Regional Office, or retirement, resignation, or

12  termination from BOP."  *Id*. at ¶ 6.  Although plaintiff was given formal notice of termination of

13  occupancy of the space due to her retirement from BOP, she continues to occupy the space.  *Id*.

14  ¶¶ 7-10.  These allegations are sufficient to support the claims for ejectment and wrongful

15  detention.

16        Furthermore, "[b]ecause all allegations in a well-pleaded complaint are taken as true after

17  the court clerk enters default judgment, there is no likelihood that any genuine issue of material

18  fact exists."  *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  As

19  for the sum of money at stake, defendant seeks damages for plaintiff's unlawful possession of

20  space No. 1 at $222.50 bi-weekly from July 5, 2011, until delivery of possession; damages for

21  reasonable costs of repair or restoration of the property; costs of recovering possession of the

22  premises; and costs of this suit.  ECF No. 89 at 8.  These damages are proportionate to plaintiff's

23  alleged conduct and therefor this factor weighs in favor of default judgment.  *See PepsiCo, Inc.*,

24  238 F. Supp. 2d at 1177 ("the court must consider the amount of money at stake in relation to the

25  seriousness of Defendant's conduct.").  Accordingly, the second, third, fourth and fifth *Eitel*

26  factors support entry of default judgment.

27         The remaining two factors, however, do not.  Those factors—the possibility of prejudice

28  to the government and the strong public policy in favor of deciding cases on the merit—weigh

7

1   strongly against a default judgment.  Unlike the typical case where the defaulting party is entirely

2   absent from the litigation, here, Ms. Boynton has appeared in this action and has attempted to

3   assert her interests.  She has expressed her desire to litigate this case.  The United States will have

4   an opportunity to have its claims decided on the merits at trial or summary judgment and will not

5   be left without recourse if its default judgment is denied.  Accordingly, the government will not

6   be prejudiced if its motion is denied.

7       Boynton's supplemental brief plaintiff argues her failure to respond to defendant's

8   counterclaim is the result of excusable neglect.[2]  ECF No. 90 at 2-4.  She was represented by

9   counsel at the time her answer was due and the court finds little if any support in the record for a

10  finding that her counsel's neglect is excusable.  While that neglect weighs in favor of granting the

11  government's motion, the Ninth Circuit has held that "judgement by default is a drastic step

12  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the

13  merits."  *United States v. Signed Pers. Check no. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091

14  (9th Cir. 2015) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *see also Eitel*, 782 F.2d

15  at 1472 ("[c]ases should be decided upon their merits whenever reasonably possible."); *In Re*

16  *Roxford Foods, Inc*., 12 F.3d 875, 879 (9th Cir. 1993) (holding that default judgments are

17  disfavored and cases should be decided on the merits if possible).

18      This case does not present extreme circumstances justifying the entry of default judgment.

19  Instead, a fair review of the docket reveals plaintiff wants to litigate this action and have it

20  resolved on the merits.  Whatever the issues may have been with her earlier representation, Mr.

21  Gallagher has now represented to the court that he will continue to represent his client and "will

22  do everything . . . necessary to protect the client's interest going forward."  ECF No. 91 at 5.  As

23  noted, Ms. Boynton is not absent from the litigation and seeks to defend against the counterclaim

24  on its merits.  In light of Mr. Gallagher's representation, it is possible for the counterclaim to be

25  resolved either on summary judgment or trial and the government will have the opportunity to

26

27      [2] Plaintiff argues she is in this situation despite acting "in good faith from the very
    beginning" because she "became a victim of self-representation and the failure of her first
    attorney."  *Id*. at 4.  Litigants, however, "must be held accountable for the acts and omissions of
28  their attorneys."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 396.

1    have its claims be decided on the merits.  Given the strong public policy in favor of deciding

2    cases on their merits and the lack of prejudice the government will suffer by having to litigate its

3    claim, the court finds that entry of default judgment is not appropriate.

4           Accordingly, it is recommended that the court exercise its discretion to not enter default

5    judgment against plaintiff as to the government's counterclaim.[3]

6    IV.    Conclusion

7           Accordingly, it is hereby ORDERED that the May 21, 2015 order to show cause (ECF

8    No. 85) is discharged and no sanctions are imposed.

9           Further, it is hereby RECOMMENDED that the United States' motion for default

10   judgment (ECF No. 73) be denied.

11          These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

17   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18   DATED:  March 10, 2016.

19

20                             EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27          [3]  As the court finds that entry of default judgment is not appropriate under the *Eitel*
     factors, the court need not determine whether entry of judgment would be appropriate under
28   Federal Rule of Civil Procedure 54(b).