UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BOYNTON,<br><br>    Plaintiff and Counter Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and Counter Claimant. | No. 2:11-cv-00623-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |
| AND RELATED COUNTERCLAIM. | |

On July 20, 2011, Plaintiff Peggy Boynton ("Plaintiff") filed the operative First Amended Complaint ("FAC") against Defendant United States of America ("Defendant" or "government") seeking redress for the damage caused to her mobile home as a result of Defendant's purported failure to maintain the property on which the mobile home is situated. ECF No. 14. On November 30, 2011, the government filed an Answer to Plaintiff's FAC and a Counterclaim in Ejectment, seeking to recover possession of the property on which Plaintiff's mobile home sits and damages for wrongful retention of that property.[1] Counterclaim, ECF No. 16. Presently before the Court is the government's

---

[1] For ease of reference, Ms. Boynton will be referred to as "Plaintiff" and the United States will be referred to as "Defendant" or "the government" throughout this order, including in the discussion of the government's counterclaim.

1

Motion to Dismiss and/or Motion for Summary Judgment of Plaintiff's Claims, as well as the government's Motion for Summary Judgment of its Counterclaim. Gov't Mot., ECF No. 122. For the reasons set forth below, the government's Motion for Summary Judgment of Plaintiff's Claim is GRANTED, and the government's Motion for Summary Judgment of its Counterclaims is GRANTED. The government's Motion to Dismiss is DENIED as moot.[2]

## BACKGROUND[3]

Plaintiff is a retired employee of the Board of Prisons ("BOP") and is the owner of a mobile home situated on Defendant's property at the Federal Correctional Institution, Dublin, California ("FCI, Dublin"). Plaintiff lived in her personally owned mobile home in the staff housing area of FCI, Dublin while she was employed with the BOP from 1995 until her retirement in 2010. Plaintiff's privilege to occupy the mobile home site terminated upon her retirement from the BOP in 2010.

In July 2007, Plaintiff complained to the BOP that the storm drain above her home was not working properly and had caused her yard to flood. The BOP installed a new drainage system in June 2008, and Plaintiff admitted in a September 2010 letter to the

///

///

---

[2] On October 4, 2016, the government filed an initial Motion to Dismiss for Lack of Prosecution. ECF No. 107. It appears the present Motion to Dismiss and/or for Summary Judgment supersedes this previous motion, so the motion at ECF No. 107 is DENIED as moot. The Court notes that because Plaintiff has again failed to file an opposition or statement of nonopposition, Plaintiff's claims would this time be dismissed for failure to prosecute and failure to comply with Court orders. Because the Court grants the government's motion for summary judgment of Plaintiff's claim, however, the Court need not directly address Plaintiff's failure to prosecute the action.

[3] The following recitation of facts is taken, sometimes verbatim, from the government's unopposed Statement of Undisputed Facts ("SUF") and the evidence cited therein. SUF, ECF No. 122 at 2–7. Because they are unopposed, these facts are considered undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

2

former BOP Director that the new system had fixed the flooding issues.[4] Also in September 2010, Plaintiff filed an administrative tort claim with the BOP seeking damages for the alleged damage to her mobile home, claiming that an open fire hydrant caused erosion and improper drainage around her home, as well as water damage to her home and mold growth.

After an investigation, the BOP denied her claim, stating that the only fire hydrant that could possibly have caused the alleged damage belonged to an adjacent U.S. Army Reserve facility, not to the BOP. The BOP's investigation also revealed that sometime in 2007, Plaintiff herself constructed an underground irrigation system along the exterior wall of her mobile home, creating a soil barrier around her home. This action had the effect of raising the ground level so that the soil made contact with the wood siding of her home, potentially causing saturation and preventing ventilation. Investigators concluded the damage Plaintiff identified was the result of years of her own failure to maintain the mobile home's exterior. Under BOP Program Statement 4220.02 and Institution Supplement DUB 4220.02(H), an employee like Plaintiff, as a condition of living in staff housing, is solely responsible for the maintenance of his or her mobile home.

In 2010, Plaintiff retired from the BOP, thus terminating the privilege of living in staff housing at FCI, Dublin. On September 16, 2010, she was issued a formal notice of termination of occupancy, giving her 90 days to either sell her mobile home or remove it from FCI, Dublin grounds. Having failed to sell or remove her home within this time period, the BOP sent Plaintiff another notice on January 12, 2011, giving her until March 12, 2011, to do so. On April 5, 2011, the BOP granted Plaintiff a 90-day extension to July 5, 2011, to remove or sell her home. The April 5, 2011 extension letter provided that if Plaintiff failed to remove or sell by that date, the BOP would initiate steps

///

---

[4] The letter also indicates, however, that the BOP did nothing to cure the damage that had already been caused to Plaintiff's home, a point omitted from the government's SUF. Exhibit 6 to Declaration of John T. LeMaster ("LeMaster Decl.").

to have the mobile home transported off FCI, Dublin grounds at Plaintiff's expense. To date, Plaintiff has not sold or removed her mobile home from FCI, Dublin grounds.

## PROCEDURAL BACKGROUND

This case has a long and drawn out procedural history, the most relevant of which the Court summarizes here. Plaintiff filed the operative FAC on July 20, 2011, alleging that BOP's negligence resulted in damage to her mobile home. Specifically, Plaintiff claims that an open fire hydrant washed away dirt from around her home, destroying her yard, and weakening the soil and stability of her mobile home. FAC, ECF No. 14, at ¶¶ 7-8. She additionally claims that her storm drain was clogged, which separately caused flooding of her yard. Id. ¶ 16. As a result of erosion, rainwater collected around and under her home. Id. ¶ 17. Plaintiff claims mold began to grow inside her home in 2008, and continued through 2010, and that the BOP was negligent in failing to maintain the property. Id. ¶¶ 17-19.

On November 30, 2011, the government filed its Answer along with a Counterclaim in Ejectment to Recover Possession of Real Property and Damages for Wrongful Detention. Gov't Counterclaim, ECF No. 16. The government contends that it is the owner of the property upon which Plaintiff's mobile home sits, and therefore seeks restitution of the premises, damages for Plaintiff's unlawful possession in the amount of $222.50 bi-weekly from July 5, 2011 until possession is restored, damages for the cost of repair to the property, and damages for the cost of recovering possession, including the cost of transporting the mobile home off of FCI, Dublin grounds.

Plaintiff failed to respond to the government's counterclaim, and default was entered on February 7, 2012. ECF No. 19.

In July 2014, months after an unsuccessful VDRP session (see ECF No. 46), the government informed the Court that the parties reached a tentative settlement. ECF No. 56. After two continuances of the deadline to file dispositional documents (see ECF

Nos. 60, 62), the government then informed the Court that it could not reach Plaintiff's counsel. ECF No. 63. In response to the Court's order to show cause ("OSC") as to why the case should not be dismissed at that point, Plaintiff's counsel filed a response on January 15, 2015, indicating that he had had no direct communication with Plaintiff for more than six months, and requesting that Plaintiff be allowed to retain new counsel. ECF No. 67. Counsel thereafter moved to withdraw as counsel, which request the Court denied because withdrawal would have prejudiced Plaintiff and caused greater delays in an already aging case. ECF Nos. 76, 78, 80.

The Court's finding of prejudice was based largely on the fact that the government had filed a motion for default judgment on March 24, 2015 (ECF No. 73), and Plaintiff's counsel sought withdrawal just two days before an opposition to the default was due. ECF No. 80, at 5. Despite Plaintiff's failure to oppose the motion for default judgment, the Court denied the motion, reasoning that Plaintiff herself had not been absent in the litigation, Plaintiff's counsel indicated that he would represent his client's interests going forward, and the Court generally favors resolution of cases on the merits. See Findings and Recommendations, ECF No. 98; Order Adopting F&Rs in full, ECF No. 101.

Then on October 4, 2016, the government filed a motion to dismiss for lack of prosecution based primarily on Plaintiff's failure to attend her court-ordered deposition—which had been ordered after many months of attempting to set Plaintiff's deposition without the Court's intervention. The government further cited Plaintiff's failure to respond to the government's First Set of Requests for Admission,[5] and detailed the many other reasons the case has been delayed by Plaintiff's inaction. ECF No. 107. Plaintiff did not oppose the government's motion, so the Court issued another OSC as to why the case should not be dismissed with prejudice at that time. ECF No. 112. Plaintiff's counsel filed a tardy response to the OSC, indicating that Plaintiff's health issues prevented her from attending her deposition, and also acknowledging that "[t]his

---

[5] Because Plaintiff failed to respond to the RFAs, they are deemed admitted. Fed. R. Civ. P. 36(a)(3).

case has been challenging for the Court, the United States and counsel for Plaintiff. Ms. Boynton is elderly, ill, and has a distrust of both the government and her own counsel."[6] That motion was under submission when the government filed the present motion and, because the Court hereby GRANTS the government's pending motion for summary judgment (ECF No. 122), the Motion to Dismiss for failure to prosecute (ECF No. 107) is hereby DENIED as moot.

The deadline for designation of experts and exchange of reports was February 6, 2017, per the parties' Court-approved stipulation. ECF No. 115. To date, Plaintiff has failed to designate any experts.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

---

[6] Indeed, Plaintiff has filed numerous letters with the Court lamenting her troubles with both her current and previous counsel.

6

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323-24 (1986) ("Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file.") Indeed, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, a party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). More specifically, in attempting to establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at

586 n. 11. The opposing party must also demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987), and that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///
///
///
///
///

**ANALYSIS**

**A.     Motion for Summary Judgment of Plaintiff's Negligence Claim**

Defendant's motion for summary judgment is unopposed. Even so, a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95, n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers themselves are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) (citing Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)), rev'd on other grounds, 517 U.S. 820 (1996).

As set forth in the government's motion, Plaintiff has the burden of proving each element of her negligence claim by a preponderance of the evidence. The elements of a negligence claim are (1) duty, (2) breach of that duty, (3) causation, and (4) damages. Among its many arguments in support of dismissal or summary judgment, the government argues that because Plaintiff has failed to designate experts, she cannot establish (1) that there is an interior mold infestation in her mobile home, and (2) that the infestation was caused by the government's negligence. Gov't Mot. at 16-17. Absent a sufficient showing of causation, Plaintiff cannot establish a prima facie case of negligence. Id. at 17.

Indeed, absent any evidence—expert testimony or otherwise—that the government had a duty to maintain the property, that the government breached that duty, and that the government's breach caused the alleged damage to Plaintiff's home, summary judgment of Plaintiff's negligence claim is appropriate. See Celotex, 477 U.S. at 322 (summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case).

Though expert testimony is not required in every case, the Court agrees that Plaintiff has presented absolutely no evidence demonstrating the presence of any of the elements of her claim, including causation. Because Plaintiff has failed to make a showing sufficient to establish the existence of any element essential to her negligence claim, and absent any opposition from Plaintiff arguing otherwise, the Court must grant summary judgment in favor of the government. As in Celotex, here "[t]here can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. Consequently, the government's motion for summary judgment of Plaintiff's negligence claim is GRANTED.

Moreover, not only has the government satisfied its burden as the moving party of pointing to the absence of a genuine issue of material fact, the government has gone one step further and offered evidence that it was Plaintiff's own actions or inactions that caused the damage to her mobile home. For example, the evidence before the Court indicates that Plaintiff herself "constructed an underground irrigation system directly abutting the base of her mobile home on all sides." SUF ¶ 19. The construction of that system had the effect of raising the ground around Plaintiff's home such that her home ended up "submerged in a bowl" of soil, which prevented ventilation under the home while the system likely added water to the surrounding area. Id. "Investigators concluded the damage Boynton identified to her home was due to years of poor maintenance and could not have been caused by a fire hydrant." Id. ¶ 20. Again, because Plaintiff has failed to oppose any of the government's undisputed facts, these facts are also considered undisputed for purposes of this motion, and mitigate against any liability on the part of the government for Plaintiff's alleged damages. Fed. R. Civ. P. 56(e)(2).

///

///

///

**B.     Motion for Summary Judgment of the Government's Counterclaim**

With respect to the government's counterclaim in ejectment to recover possession and damages for unlawful possession, the government's motion is GRANTED.[7] As discussed above, a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition, but may grant the motion if it determines that there are no disputed issues of material fact. Cristobal, 26 F.3d at 1494–95, n.4.

The elements of an action for ejection under California law are (1) ownership by plaintiff disclosing a right to possession and (2) a withholding thereof from the plaintiff. Baugh v. Consumers Assoc., Ltd., 241 Cal. App. 2d 672, 675 (1966). Based on the undisputed facts, the Court finds that the government is entitled to a judgment of ejectment as a matter of law. Plaintiff concedes that the government was and now is the owner of the property in question located at FCI, Dublin. FAC ¶ 3. Plaintiff further concedes that she is the owner of a mobile home that is situated on that property. FAC ¶ 4. It is undisputed that Plaintiff lived in her personally owned mobile home in the staff housing area at FCI, Dublin from 1995 until her retirement in 2010. SUF ¶¶ 2-3, 5. It is also undisputed that Plaintiff's privilege to occupy that space terminated upon her retirement from the BOP at FCI, Dublin in 2010. SUF ¶ 12. As described above, Plaintiff was thereafter provided with notice on multiple occasions that she must either sell or remove her mobile home from the staff housing area. SUF ¶¶ 13-15. To date, Plaintiff has neither sold nor removed her mobile home. SUF ¶ 16. The government has therefore successfully established that it owns the property, that it has a right to possess the property, and that Plaintiff Boynton is withholding that property from the government.

---

[7] The government's motion indicates that its counterclaim includes a claim of trespass. See Gov't Mot. at 19-20. The counterclaim itself, however, does not mention trespass. See Counterclaim, ECF No. 16. While a claim in ejectment may be closely related to a claim of trespass, it is not clear to the Court that the government cannot obtain the remedies it seeks—specifically, possession and damages—through an action in ejectment alone. See United States v. Langendorf, 322 F.2d 25 (9th Cir. 1963). Because the government has successfully established that summary judgment of its counterclaim in ejectment is appropriate, thus entitling it to possession and damages, the Court need not address the extent to which the government properly pleaded or proved its trespass claim.

11

Plaintiff has failed to oppose those undisputed facts, and has therefore failed to raise a disputed issue of material fact. Summary judgment is therefore GRANTED for the government on its counterclaim in ejectment.[8]

As for the government's claimed damages, the Court finds that the evidence supports the requested award. Specifically, the government seeks restitution of the property; damages for lost rental income in the amount of $222.50 bi-weekly from July 5, 2011 to the date on which possession is recovered; and the cost of repair or restoration of the property to its original condition, including the cost of transporting the mobile home off the property. The undisputed facts establish that Plaintiff was given until July 5, 2011 to remove or sell her mobile home. SUF ¶ 15. It is also undisputed that although Plaintiff personally owned her mobile home, she was required to pay a bi-weekly fee for use of the lot; upon her retirement in 2010, Plaintiff was paying the reasonable rent of $222.50 bi-weekly. SUF ¶ 4; LeMaster Decl. ¶¶ 4-5. Lastly, it is undisputed that preparation of the mobile home for transport and transportation off the FCI, Dublin site is estimated to be $5,500.00. SUF ¶ 35. Based on these established facts, the Court finds the requested award of $38,875.00 to be reasonable--$5,500 for the cost of removal of the mobile home, plus $33,375 in lost rental from July 5, 2011 to April 4, 2017. The Court further awards additional damages in the amount of $222.50 bi-weekly from April 4, 2017 to the date of electronic filing of this Order. To the extent the government seeks additional damages for the cost of repair or restoration of the property beyond the cost of mobile home removal, however, such a request is not supported by the evidence at this time. The Court therefore retains jurisdiction solely to address future damages requests or any disputes regarding damages.

///

///

---

[8] Additionally, the well-pleaded allegations in the government's counterclaim are deemed true in light of Plaintiff's failure to respond to the pleading. Sceper v. Thai Café, No. CIV S-10-3341-KJM-CMK, 2011 WL 5321997, at *1 (E.D. Cal. Nov. 3, 2011) (internal citations omitted). Though the Court previously denied the government's motion for default judgment, that denial was not based on any insufficiency in the government's pleading.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's Motion for Summary Judgment of Plaintiff's claim, and GRANTS Defendant's Motion for Summary Judgment of its Counterclaim. ECF No. 122. The Court DENIES as moot Defendant's Motion to Dismiss Plaintiff's claim, ECF No. 122, and further DENIES as moot Defendant's previous Motion to Dismiss for lack of prosecution, ECF No. 107. The Court hereby enters judgment in favor of the government on both Plaintiff's claim and Defendant's counterclaim, orders restitution of the premises in question to the government, and assesses damages against Plaintiff Boynton in the amount of $38,875, plus additional damages in the amount of $222.50 bi-weekly from April 4, 2017 to the date of electronic filing of this order.

IT IS SO ORDERED.

**Dated: June 29, 2017**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE