UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BOYNTON,<br><br>    Plaintiff and Counter Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and Counter Claimant. | No. 2:11-cv-00623-MCE-EFB<br><br>**ORDER** |
| AND RELATED COUNTERCLAIM. | |

On June 29, 2017, the Court entered judgment in favor of Defendant pursuant to its Memorandum and Order granting Defendant's Motion to Dismiss and/or for Summary Judgment. ECF Nos. 122, 125. Presently before the Court is Plaintiff's Motion for Reconsideration. ECF No. 129. The Court construes Plaintiff's Motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), and it is hereby DENIED.

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). Such a motion is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after

1

judgment is entered.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed under Rule 59 or Rule 60 even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since Plaintiff's Motion for Reconsideration was filed more than twenty-eight days from the entry of judgment, the Court will treat it as a motion under Rule 60(b).

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Fed. R. Civ. P. 60(c).  Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. Local Rule 230(j).

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, a district court may properly deny a motion for reconsideration that simply

reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). The decision to grant or deny a motion for relief from judgment is addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003); Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir. 1993).

Here, Plaintiff has failed to meet her burden under Rule 60(b). Specifically, Plaintiff's Motion was not filed timely and fails to comply with Local Rule 230(j). Plaintiff's request is untimely because the Court entered final judgment on June 29, 2017 and the present Motion was filed on July 2, 2018. Thus, Plaintiff moves over a year after final judgment was entered, which is not permitted by Rule 60(c). Furthermore, Plaintiff's Motion fails to present any newly discovered evidence that would change the outcome of the Court's ruling. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 129) is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE